NO. 07-01-0244-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2001
_____

JOSEPH WADE LONG,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,166-C; HON. JACK D. YOUNG, PRESIDING
_____

Before BOYD, C.J., QUINN, and JOHNSON, JJ.

Joseph Wade Long (appellant) appeals his conviction for aggravated robbery. His court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein asserting that a review of the record shows no reversible error. So too did she move to withdraw as appellant's counsel. Appellant was informed, by his counsel and this court in writing, of his right to review the record and file a *pro se* brief. The deadline by which he had to submit the *pro se* brief was October 22, 2001. To date, we have not received such a brief.

With regard to the *Anders* brief, appellant's counsel stated that she diligently reviewed the record and that, in her opinion, it reflected no reversible error. Prior to so concluding, counsel did note potential concern in various aspects of the trial. However, she then explained why same did not warrant reversal.

We have conducted our own independent review of the record to assess the accuracy of counsel's representations to this court. *See Stafford v. State*, 813 S.W. 2d 503 (Tex. Crim. App.1991) (requiring same). Upon doing so, we agree that counsel is correct and that no reversible error appears of record. Appellant was properly indicted. The State submitted evidence legally and factually sufficient to support appellant's guilt. The jury was properly charged.[1] Furthermore, the punishment fell within the range allowed by statute. Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Justice

Do not publish.

---

[1]Though an accomplice of appellant testified against him and the trial court omitted from its charge an accomplice witness instruction, no one objected to the omission. Furthermore, because ample evidence, aside from that provided by the accomplice, tied him to the crime, the omission did not give rise to egregious harm.